UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LORENA RODRIGUEZ,<br><br>    Plaintiff,<br><br>v.<br><br>COLOPLAST CORP.,<br><br>    Defendant. | Civil Action No.: 3:23-cv-403 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Coloplast Corp. ("Coloplast") hereby gives notice of removal of this action, *Rodriguez v. Coloplast Corp.*, Case No. 2023DCV1389, from the 346th Judicial District Court of El Paso County, Texas to the United States District Court for the Western District of Texas (El Paso Division). As grounds for removal, Coloplast states as follows:

### INTRODUCTION

1. On April 28, 2023, Lorena Rodriguez ("Plaintiff"), who is a resident and citizen of the State of Texas, filed a Complaint in the 346th Judicial District Court of El Paso County, Texas, entitled *Rodriguez v. Coloplast Corp. et al.*, 2023DCV1389, naming as defendants Linda S. Lacy, M.D., a Texas citizen, and Coloplast Corp., a citizen of Delaware (its state of incorporation) and Minnesota (where it maintains its principal place of business). *See* Ex. A, Pltf.'s Original Petition ¶¶ 1–3.

2.  Plaintiff asserts product liability claims predicated on Plaintiff's alleged implantation with the Altis sling, a prescription-only surgical mesh implant cleared for sale by FDA for the surgical treatment of stress urinary incontinence ("SUI"). *Id.* ¶ 10.

3.  Specifically, Plaintiff pleads three causes of actions: strict liability defective design, strict liability failure to warn, and negligence. *See id.* ¶¶ 64–85. Plaintiff alleges that as a result of the Altis, she has sustained various injuries, including pain, suffering, mental anguish, and physical impairment, as well as economic damages. *Id.* ¶ 54.

4.  On October 18, 2023, Plaintiff filed a Notice of Nonsuit of Defendant Linda Lacy, M.D. Coloplast, a foreign corporation, is now the only remaining defendant. *See* Ex. B, Notice of Nonsuit.

## VENUE AND JURISDICTION

5.  This Notice of Removal is timely filed within thirty days of the date on which the case became removable. *See* 28 U.S.C. § 1446(b)(3).

6.  As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 because there is federal diversity jurisdiction as this is an action between citizens of different states in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

7.  Venue is proper under 28 U.S.C. § 1441(a) because The United States District Court for the Western District of Texas is the federal judicial district encompassing the 346th Judicial District Court of El Paso County, Texas, where Plaintiff originally filed this suit.

8.  By filing this Notice of Removal, Coloplast does not waive any jurisdictional or other defenses that might be available to it.

9.  Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process and pleadings served on Coloplast are attached as Exhibit C, which is incorporated herein by reference.

Case 3:23-cv-00403-DB   Document 1   Filed 10/31/23   Page 3 of 8

## BASIS FOR REMOVAL

**I. Coloplast Corp. timely removed this case to this Court.**

10. Coloplast files this Notice of Removal within 30 days of receipt of "an amended motion, pleading, order or other paper from which it may be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

11. On October 18, 2023, Plaintiff filed a Notice of Nonsuit dismissing all claims and causes of action as to the Texas resident Defendant Linda S. Lacy, M.D. *See* Ex. B, Notice of Nonsuit. Coloplast filed this Notice of Removal within 30 days of receipt of that filing. Accordingly, removal of this action is timely.

**II. There is complete diversity of citizenship between Plaintiff and Coloplast.**

12. There is complete diversity of citizenship here because Plaintiff is a Texas citizen, and Coloplast is a citizen of states other than Texas; namely, Delaware and Minnesota. *See* 28 U.S.C. §§ 1332(a), 1441(b); *see also* Ex. A, Orig. Pet. ¶¶ 1–2.

13. Plaintiff "resides in El Paso County, Texas," Ex. A, Orig. Pet. ¶ 1, and is therefore a citizen of Texas for purposes of this Court's subject matter jurisdiction under 28 U.S.C. § 1332. *See Stewart v. Entergy Corp.*, 35 F.4th 930, 933 (5th Cir. 2022) ("A person's domicile, demonstrated by residence and the intent to remain, serves a dual function as his state of citizenship." (citation omitted)).

14. A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A limited liability company is a citizen of every state in which its members are citizens. *See Tewari De-Ox Sys., Inc. v. Mountain States/Rosen Liab. Corp.*, 757 F.3d 481, 483 (5th Cir. 2014).

15. Coloplast Corp. is a citizen of Delaware, its place of incorporation, and a citizen of Minnesota, where it maintains its headquarters and principal place of business, for purposes of diversity jurisdiction. *See* Ex. A, Compl. at ¶ 2; *see also* 28 U.S.C. § 1332(c)(1).

16. Because Plaintiff is a citizen of Texas and Coloplast is a citizen of Delaware and Minnesota, there is complete diversity of citizenship. *See* 28 U.S.C. §§ 1332(a), 1441(b)(2).

**III.    The amount in controversy exceeds $75,000.**

17. Plaintiff's claims also satisfy the amount-in-controversy requirement set forth in 28 U.S.C. § 1332(a).

18. Here, the amount-in-controversy requirement is satisfied because it is apparent from the facts of this case that Plaintiff has placed at issue an amount in excess of $75,000, exclusive of interest and costs.

19. "[A] defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). In conducting this jurisdictional analysis, courts may consider requests for exemplary damages. *See Theriot v. Transamerica Life Ins. Co.*, 354 F. Supp. 3d 713, 719 (E.D. Tex. 2017).

20. In all, Plaintiff is seeking "past and future compensatory damages, including pain, suffering, mental anguish, impairment and medical costs, and for punitive damages, costs of court, and further relief as she may be justly entitled." *See* Ex. A, Orig. Pet. at 32 ("Prayer For Relief").

21. Additionally, Plaintiff asserts a claim for punitive/exemplary damages, alleging that she "has required and will require healthcare and services and has incurred medical, healthcare, incidental, and related expenses," and "Plaintiff will in the future be required to obtain further medical care and/or hospital care and medical services." *Id*. ¶¶ 86-101.

22.     Courts have held that claims similar to those asserted by Plaintiff facially establish that the amount-in-controversy exceeds the $75,000 jurisdictional threshold.  *See e.g.*, *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (stating it was "facially apparent" that claims exceeded $75,000 based on plaintiff's "lengthy list of compensatory and punitive damages"); *Matney v. Wenger Corp.*, 957 F. Supp. 942, 943 (S.D. Tex. 1997) (holding that a products liability complaint asserting claims for personal injury, past and future medical expenses, mental anguish, and exemplary damages met the amount-in-controversy threshold); *Hernandez v. CST Drilling Fluid, Inc.*, No. C-08-11, 2008 WL 150962, at *3 (S.D. Tex. 2008) (holding that plaintiff's original petition alleging a crushed foot and toes affirmatively revealed on its face that the amount in controversy was greater than $75,000.00).

23.     Plaintiff in this case seeks the same type of damages—mental anguish, past and future medical expenses, and punitive damages—that these courts have found sufficient to establish, on their face, that the amount-in-controversy exceeded the jurisdictional requirement.

**IV.     All other removal requirements are satisfied.**

24.     Removal pursuant to 28 U.S.C. § 1441(a) requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A).

25.     Following Plaintiff's nonsuit of Dr. Lacy, the only Texas citizen named as defendant, the only remaining defendant whose consent is required is Defendant Coloplast Corp.  By filing this Notice of Removal, Coloplast plainly consents to this removal.  Thus, all properly joined and served defendants consent to this removal.

26.     Coloplast is providing Plaintiff with written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

27. Pursuant to 28 U.S.C. § 1446(d), Coloplast is filing a copy of this Notice of Removal with the Clerk of the District Court of the 346th Judicial District Court of El Paso County, Texas.

28. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all pleadings and documents filed and served to date in this action in the 346th Judicial District Court of El Paso County are attached hereto as **Exhibit C**.

29. By filing this Notice of Removal, Coloplast does not waive any defense that may be available to it and reserves all such defenses, including but not limited to those related to service of process and lack of personal jurisdiction. If any question arises regarding the propriety of the removal to this Court, Coloplast requests the opportunity to present a brief oral argument in support of its position that this case has been properly removed. No previous application has been made for the relief requested herein.

**V.      Demand for Jury Trial.**

30. Coloplast hereby demands a separate jury trial on all claims and issues so triable.

## CONCLUSION

WHEREFORE, Coloplast gives notice that the matter bearing Case No. 2023DCV1389 pending in the 346th Judicial District Court of El Paso County, Texas, is removed to the United States District Court for the Western District of Texas (El Paso Division), and requests that this Court retain jurisdiction for all further proceedings in this matter.

Dated: October 31, 2023                                KING & SPALDING LLP

*/s/ Zachary C. Burnett*
Zachary C. Burnett
State Bar No. 24105560
zburnett@kslaw.com
Lana K. Varney
State Bar No. 20499500
lvarney@kslaw.com
Lisa A. Horvath
State Bar No. 00788409
lhorvath@kslaw.com
King & Spalding LLP
500 W. 2nd Street, Suite 1800
Austin, TX 78701
(512) 457-2013 (o)
(512) 457-2100 (f)

*Attorneys for Defendant Coloplast Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2023, a copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered users.

*/s/ Zachary C. Burnett*
Zachary C. Burnett